[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10877
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-20128-MGC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEMETRIUS SPENCE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 28, 2012)

Before CARNES, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Demetrius Spence appeals his conviction and sentence for one count of bank robbery, in violation of 18 U.S.C. § 2113(a).  Spence contends that the district court improperly denied his motion to suppress a witness's out-of-court identification and subsequent in-court identification.  Further, he maintains that the district court improperly refused to strike a juror for cause.  Spence also argues that his sixty-three-month sentence is substantively unreasonable.

## I.

On appeal, Spence argues that the photographic lineup from which the bank teller identified Spence was unduly suggestive.  Specifically, he maintains that the photographs of other individuals in the lineup did not match the teller's initial description of the perpetrator.  This undue suggestiveness, Spence claims, also tainted the teller's in-court identification.

We employ a two-step analysis to determine the constitutionality of a trial court's decision to admit an out-of-court identification.  United States v. Diaz, 248 F.3d 1065, 1102 (11th Cir. 2001).  First, we determine if the original identification procedure was unduly suggestive.  Id.  If the original identification procedure was not unduly suggestive, then the inquiry ends there.  Williams v. Weldon, 826 F.2d 1018, 1021 (11th Cir. 1987).  We review for clear error the district court's conclusion that the identification procedure was not unduly

suggestive.  Diaz, 248 F.3d at 1103.

If we conclude that the original identification procedure was unduly suggestive, we must then consider whether, under the totality of the circumstances, the identification was nonetheless reliable.  Id. at 1102.  To determine if an identification was reliable, we consider the following factors: (1) the opportunity to view the perpetrator; (2) the degree of attention; (3) the accuracy of the description; (4) the level of certainty; and (5) the length of time between the crime and the identification.  Id.

The teller described the suspect as a black male who was balding and in his forties.  All six photographs in the lineup were of black males who were bald or had receding hairlines and otherwise had features similar to Spence.  All of the men, except perhaps one, appear to be in their forties.  We discern no clear error in the district court's conclusion that the lineup was not unduly suggestive.[1]

## II.

Spence also contends that the district court erred in refusing to strike Ms. Yunta, one of the potential jurors, for cause.  He urges that Yunta did not

---

[1]    In any event, Spence also fails the second prong of the inquiry because he does not show that the identification was unreliable.  See Diaz, 248 F.3d at 1102.  During the robbery, Spence did not wear a mask or hat, and the teller was face-to-face with Spence for a "significant amount of time."  [Dkt. 72 at 50].  The next morning, the detective prepared the photograph lineup, and he told the teller that the suspect's photo might not be included.  The teller still identified Spence without any doubt or hesitation.  [Dkt. 76 at 55].

3

unequivocally express that she could apply a presumption of innocence. Although Spence later struck Yunta from the jury by using a peremptory strike, he contends that the court's alleged error prevented him from later striking another juror, Ms. Rusconi.

When reviewing the district court's refusal to strike a juror for cause, we must determine whether there is "fair support" in the record for the district court's conclusion that the juror would be impartial. United States v. Dickerson, 248 F.3d 1036, 1045 (11th Cir. 2001). We review the district court's decision for an abuse of discretion. United States v. Abraham, 386 F.3d 1033, 1035 (11th Cir. 2004). Indeed, "there are few aspects of a jury trial where we would be less inclined to disturb a trial judge's exercise of discretion." United States v. Chandler, 996 F.2d 1073, 1102 (11th Cir. 1993).

The record provides fair support for the district court's conclusion that Yunta would be impartial. During voir dire, Yunta initially had difficulty with the presumption-of-innocence standard. She agnostically considered Spence to be neither guilty nor innocent, because she did not yet have sufficient knowledge to make a determination one way or the other. However, Yunta indicated that she could put aside her personal concerns and apply the law as instructed by the district court. After the court and counsel explained the presumption of

4

innocence, Yunta agreed that Spence would be presumed innocent by the law, and that if she had to vote right then, she would vote "not guilty" because no evidence had yet been presented. There was no abuse of discretion in refusing to strike her for cause.[2]

### III.

Next, Spence argues that his sixty-three-month prison sentence is substantively unreasonable for two reasons. First, he claims that his criminal history was overstated, and, second, that, in light of his mental illness, the sentence is longer than necessary to achieve the aims of 18 U.S.C. § 3553.

We review the reasonableness of a sentence under a deferential abuse of discretion standard. United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008) Although we do not automatically presume a sentence falling within the guideline range to be reasonable, we ordinarily expect that it is. Id.

---

[2]     Even assuming arguendo that there was error in failing to strike Yunta, Spence still cannot show reversible error. Yunta ultimately did not sit on the jury because Spence struck her with a peremptory strike. Spence must show that his actual jury still included an impartial juror. See United States v. Farmer, 923 F.2d 1557, 1566 (11th Cir. 1991) (holding that a defendant's claim that a jury was not impartial must focus on the jurors who ultimately sat).

Spence contends that because he improperly had to use a peremptory strike on Yunta, he was unable to later strike Rusconi, who did sit on the jury. However, the sole reason Spence proffers as to why Rusconi might have been impartial was the mere fact that she was a secretary for the State Attorney's Office. This is not sufficient to show that Spence was subjected to a partial jury. See Abraham, 386 F.3d at 1035 (finding no error where defendant's sole reason for trying to strike a juror was because the juror's line of employment was the same as the victim's).

5

Spence has not claimed that the district court miscalculated his criminal history points. He merely argues that the correct point total overstated his criminal propensity. However, we note that the district court capped Spence's criminal history points for his less serious crimes, based upon U.S.S.G. § 4A1.1(c).

The record shows that Spence was on probation when he committed the bank robbery, and his note demanding money indicated that he might have a firearm. The district court ordered a mental evaluation of Spence, but the court concluded that a Guidelines-sentence was still appropriate. We also note that Spence was sentenced to the lowest part of the guideline range. Given all of these facts, we cannot say that the district court abused its discretion by imposing a sentence of sixty-three months.

AFFIRMED.